### FAULDER, In Re

Ohio Common Pleas, Auglaize Co

No 12340. Decided Oct 23, 1934

Anderson & Lusk, Wapakoneta, for guardian..

Chas. C. Hall, Sidney, and Hugh Bingham, Sidney, for exceptor.

**OPINION**

By COPELAND, J.

Three possible questions are presented to this court for its consideration and determination:

FIRST. Is the appointment of Emmet D. Lusk as guardian of H. B. Faulder, an incompetent by reason of physical disability alone, **with his written consent and request,** an abridgement of such incompetent's personal and property rights and violative of the Constitution of Ohio?

SECOND. Is Charles V. Faulder such an "interested person" as contemplated by the provisions of §10506-85, **GC,** who may file exceptions to inventory filed by guardian of an incompetent by reason of physical disability alone?

THIRD. Should paragraphs 1, 2 and 4 of the amended exceptions be made definite and certain as claimed by the guardian?

The questions will be considered in their order.

**Sec 10507-2 GC,** provides as follows:

"When found necessary, the Probate Court of any county, on its own motion or on application by any interested party, shall appoint a guardian of the person, or of the estate, or of both, of a minor, incompetent (**except that if the incompetency be due to physical disability or infirmity the consent of the incompetent must first be obtained**) habitual drunkenness, idiot, imbecile or lunatic, etc."

So far as the court and counsel are able to find, the provision of said section providing for the appointment of a guardian for a person mentally competent, but physically incompetent, **with his consent or request,** has never been construed by any court of Ohio. But former §10989 **GC** in which the written consent or request of such incompetent was not required before appointment of guardian, was construed by the Supreme Court of Ohio, and among other things it held:

"The provision of §10989, **GC,** making physical disability or infirmity a ground for the appointment of a guardian of the property of a person mentally competent, but physically incompetent, is an unwarranted abridgement of his right to acquire, possess and protect property, and is in violation, in that respect, of §1, **Article I of the Constitution of Ohio.**"

Schafer v Haller, 108 Oh St 322.

And it was under such opinion of the Supreme Court that the Probate Court held that the appointment of Emmett D. Lusk as guardian of the person and property of H. B. Faulder, should never have been granted, and should be terminated, because it was an unwarranted abridgement of the personal and property rights of H. B. Faulder and in violation of the Constitution of Ohio.

By a careful reading of the full decision of the Supreme Court in the above case, we find that the court held:

FIRST: That it was not the intention of the Legislature to make a person suffering

from physical disability alone an incompetent within the provisions of the section.

SECOND: That the appointment of a guardian of an incompetent by reason of physical disability alone was an abridgement of the right of such incompetent to acquire, hold and possess property as being violation of the Constitution of Ohio, which guarantees:

"Certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property",

The first finding of the Supreme Court is answered by amended §10507-2, GC, requiring the consent of such incompetent before appointment of guardian. The intention of the Legislature is manifest.

And this court is also of the opinion that the second finding of the Supreme Court is overcome by the same amendment requiring consent of such incompetent before the appointment of guardian.

The Legislature has said in no mistakable terms, that guardians may be appointed for incompetent persons from physical disability alone, with the consent of such incompetent. It is a definite provision, easily understood, and workable. There is no compulsion. It is the free act of a person with all his mental faculties, but physically unable to properly care for his property or properly care for himself.

Assume for the sake of argument, that a person who is blind, voluntarily goes into the Probate Court, and requests the appointment of a guardian by reason of such physical disability—blindness. He wants the protection of the Probate Court in requiring and approving the bond of his guardian, and he wants the protection of the Probate Court in checking the accounts filed by such guardian, the same as are the accounts of guardians for minors and imbeciles, and he says: "I will not impose on the court. I will pay my way." How can it be said that such procedure is an abridgment of such incompetent's personal or property rights, or that it is in violation of the Constitution of Ohio? It was the voluntary act of a person possessing all his mental faculties, and it is the procedure prescribed by law, which he prefers, in preference to agents or attorneys-in-fact, for the preservation of his property and care for himself.

The claim that from time immemorial guardians have only been appointed for minors or imbeciles is no proof that the Legislature does not dare step out of an old beaten path and make provisions for the care of its incompetents from any cause. We are a progressive people, inventing new methods and ways all the while helpful to mankind. And if the Legislature in its wisdom sees fit to give incompetents from physical disability alone, the right to the same protection that it now gives to its mental incompetents, and such incompetents from physical disability alone chose to avail themselves of such protection, of their own free will and accord, it cannot by any stretch of the imagination be construed as an abridgment of his personal or property rights.

This court has no fault to find with the decision of the Supreme Court of Ohio in the case of Schafer v Haller, supra, even though the Supreme Court of two states (Indiana and California) in construing a similar provision of their statutes, have held to the contrary. (Vol. 30, page 1381 American Law Report Annotated). But such decision does not apply to the instant case, because we are now dealing with the appointment of a guardian of an incompetent by reason of physical disability alone, with his written consent and request, whereas, in the Schafer v Haller case, the Supreme Court was dealing with the appointment of a guardian in an incompetent by reason of physical disability alone, against his will and over his protest.

So that this court is of the opinion that the Probate Court was in error in holding on its own motion that the guardianship of H. B. Faulder should never have been made and should be terminated.

The second question for the court to consider and determine is, is Charles V. Faulder, brother of H. B. Faulder, an "interested person" as contemplated by the provisions of §10506-85, GC, who may file exceptions to the inventory filed by the guardian of H. B. Faulder, incompetent by reason of physical disability alone?

Apparently there is a dearth of decisions in Ohio on this subject. Counsel cited but one case, and that a Nisi Prius case, in which it was held:

Syl. 3. "Under the Statutes of this state any person interested though a stranger and neither a creditor or relative has large capacity on proper grounds, as next friend of an imbecile under guardianship in the Probate Court, to bring and prosecute an action for the removal of such guardian or to file and maintain exceptions to an inventory, * * * and especially so where the imbecile has no next of kin resident of the state or none willing or sufficiently inter-

ested in his person or estate to undertake such action, a bond for costs being a sufficient safeguard against meddling or usurpation."

**In Re: Guardianship of Paul Oliver, 9 O.N.P. (n.s.) 178.**

Counsel were unable to find any other citation of any Ohio authority on the subject. But the court, on investigation, finds that the Oliver case was affirmed by the Circuit Court. (See 20 O. Jur., page 361, Note 10a. And 55 W.L.B. page 336).

This court agrees with the ruling in the Paul Oliver case, that a friend or stranger may file exceptions to an inventory filed by a guardian **of an imbecile under certain circumstances.** This court goes further and says that a taxpayer may do so. Assume that an imbecile had $15,000. in cash in a bank, and his guardian filed an inventory showing but $10,000. and that it was apparent to all that the guardian was making a clean get-a-way, of $5000.00. Certainly any taxpayer or friend who knew of such an attempt upon the part of the guardian would have a right to come into court and file exceptions to such inventory.

So that this court is of the opinion that Charles V. Faulder, brother of H. B. Faulder, is an "interested person" as contemplated by the provisions of §10506-85, GC, who may file exceptions to an inventory filed by the guardian, if **H. B. Faulder were an imbecile.** But so far as the records in the instant case disclose, H. B. Faulder is not an imbecile. His incompetency is due to physical disability,—not mental. Under such circumstances can any one be an "interested person", who may file exceptions to the inventory of Emmett D. Lusk, his guardian, except H. B. Faulder, himself? If H. B. Faulder be mentally competent, and so far as the records disclose he is mentally competent, would it not be an abridgement of his personal rights to hold that a brother or anyone else is an "interested person" who may file exceptions to the inventory of his guardian? This court so believes and so holds.

Therefore, it is the opinion of this court, in the absence of a showing that H. B. Faulder is **now** mentally incompetent, that his brother Charles V. Faulder, is **not** an "interesed person," under the provisions of §10506-85, GC, who may file exceptions to an inventory filed by his guardian. But on a showing to the court that H. B. Faulder is **now** mentally incompetent, it is the opinion of the court that Charles V. Faulder is such an "interested person" as con-

templated under the provision of said section, who may file exceptions to the nventory filed by the guardian.

The Probate Court properly sustained the motion of the guardian to strike the amended exceptions from the files, although the reasons assigned for doing so, may not have been in strict accord with the reasoning of this court. But it is immaterial, so long as the proper ruling was made.

By sustaining the ruling of the Probate Court on its ruling on motion to strike, it is unnecessary for this court to consider and determine whether the amended exceptions should be made definite and certain.

An entry may be drawn reversing the decision of the Probate Court in its holding that the guardianship should never have been granted and should be terminated, and sustaining the Probate Court in its ruling on motion to strike amended exceptions from the files, and remanding the case to the Probate Court for further proceedings according to law.