IN RE GUARDIANSHIP OF TILLMAN.

(No. 735—Decided November 23, 1955.)

*Messrs. Brumbaugh & Brumbaugh,* for exceptor.
*Messrs. Gobeaux & Gobeaux,* for appellant Chauncey H. Tillman, Guardian.

MILLER, P. J.   This is an appeal on questions of law from a judgment of the Probate Court of Darke County, Ohio, over-ruling the appellant's motion to strike from the files certain exceptions by Fern T. Rehmert to the first account of Chauncey H. Tillman, as guardian of the estate of Mary C. Tillman.

The record discloses that on August 20, 1951, Chauncey H. Tillman was duly and properly appointed guardian of the estate of Mary C. Tillman, a person physically unable to participate in the management of the same due to the infirmities of age, to wit, ninety-seven years; that the appointment was made solely on the ground of physical incapacity, with the consent of Mary C. Tillman; that on November 12, 1954, the guardian filed his first account, to which exceptions were filed by Fern T. Rehmert, a daughter of the ward; and that, thereupon, a motion was filed by the ward and also the guardian seeking an order striking the exceptions from the files for the reason that the exceptor was not an interested party under Section 2109.33 of the Revised Code.   Such section provides in part:

"Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust."

The motion to strike was overruled and it is from this order that the appeal is prosecuted.

The question presented is whether the daughter of the ward is an interested person under the cited section of the Code. It is the contention of counsel for the appellant that since the mental capacity of the ward is not impaired she and she alone is entitled to the full and complete enjoyment of her property; that she is the only person who may object to the acts of her guardian. They cite the case of *In re Faulder,* 17 Ohio Law Abs., 571, 3 Ohio Supp., 274, wherein the court held that a person who was next of kin to the ward was not an interested party under the statute, where the guardian was appointed on the sole ground of physical incapacity, in the absence of any showing that the ward had become mentally incompetent. In other words, the court seems to have held that as long as it appears that the ward has no mental deficiency which would prevent him from expressing his own will, he alone may take exceptions to the account. But such a view appears to us to do violence to Section 2109.33, Revised Code, which provides that any person interested in an estate may take exceptions to an account. A daughter is a next of kin to a parent and Section 2111.04, Revised Code, recognizes the next of kin as an interested person, for it provides:

"No guardian of the person, the estate, or both shall be appointed until at least three days after the Probate Court has caused written notice, setting forth the time and place of the hearing, to be served upon the following persons:

"* * *

"(B) In the appointment of the guardian of an incompetent, habitual drunkard, idiot, imbecile, lunatic, or confined person notice shall be served:

"* * *

"(2) Upon the next of kin of such person for whom appointment is sought known to reside in the county in which application is made * * *."

Under the provisions of this section no guardian of the estate could lawfully have been appointed for Mary C. Tillman, even with her consent, had not this exceptor been given notice

or waived the same, and if she objected she would have been heard.

It should also be noted that Section 2109.30, Revised Code, recognizes the right of persons interested in the estate, for this section provides in part:

"Every other fiduciary [excepting an executor and administrator] shall render an account of the administration of his estate or trust at least once in each two years. An account shall be rendered by any fiduciary at any time other than that mentioned in this section upon the order of the court either at its own instance, or upon the motion of any person interested in the estate or trust for good cause shown."

Upon failure of the guardian to file an account when ordered by the court, the court shall issue a citation compelling such a filing upon the application of an interested party or next of kin. Section 2109.31, Revised Code. It is our conclusion that the duties imposed upon a guardian with reference to accounting practices are the same regardless of the type of the appointment, that is, whether the appointment is for the person or the estate; that when either appointment has been properly made the property of the ward passes completely under the jurisdiction and control of the Probate Court. In the case at bar the ward has consented to such passing, and it is in the furtherance of justice that the court may hear from other interested parties who may have knowledge of some irregularity. Undue influence is a proper ground for the setting aside of a will, but if counsel for the appellant are correct in their reasoning, undue influence could be practiced upon a ward by his guardian and no objections could be made by the next of kin. Under such conditions an entire estate could be dissipated, for if such influence was complete there would be no objection entered by the ward. The trial judge well stated the results which might ensue if the contention of counsel for the appellant were upheld. In his decision, the trial judge said:

"It is * * * [appellant's counsels'] contention that the ward, and the ward only, can object to the conduct of the guardian. Then the guardian of a mentally competent person can borrow of his ward; can use the property of the estate to his

advantage; can make such investments as he chooses, regardless of the statute on investments; can sell real estate of the ward without the consent or the approval of the court; can give property to himself or others; and then, no one can object but the ward. To this line of reasoning the court cannot subscribe. Had the ward desired to give one such broad power and authority she would have done that by power of attorney. In that agency relationship the agent would have been responsible to the master, and to the master alone. However, in this case, the ward chose to not do that, but instead came to the court and said, 'Appoint my son guardian of my estate.' The court granted her request. She has now consented to be bound by the laws of guardianship of the state of Ohio. The guardian by her [the ward's] submission, is bound by the same laws and to the same requirements as any other guardian. The law provides no separate code of duties.''

It is also urged by counsel for the appellant that if the statutes permit an interested party to file exceptions to an account over the objections of the ward that the same is in violation of Section 1, Article I of the Constitution of Ohio, which guarantees to all citizens ''certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property.'' We are not able to agree with counsel in this conclusion for the reason that the ward waived her constitutional rights under such section when she admitted her inability to administer her own affairs and consented to the court assuming jurisdiction over them. Her constitutional rights and privileges are fully protected by the provisions of Section 2111.47, Revised Code, which allow the termination of a guardianship ''upon satisfactory proof that the necessity for the guardianship no longer exists.'' The provisions of this section are mandatory and, upon a proper showing being made, the guardianship shall be terminated. Since the statute provides a method by which this ward may regain control of her estate, such method must be pursued. Under the record presented in this case, we hold that the court should hear and pass upon the exceptions which are properly before it.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and CONN, JJ., concur.

CONN, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.