OPINION
The appellant, Seneca County Child Support Enforcement Agency (CSEA), appeals the judgments of the Seneca County Court of Common Pleas, Juvenile Division in three cases, each denying its motion to modify child support. Based on the following, we affirm the judgments of the trial court.
The relevant facts and procedural history are as follows. Gerald Prenzlin (Mr. Prenzlin) and Cindy Prenzlin nka Fahle (Ms. Fahle) were married on December 5, 1980. Three children, Jane P. Prenzlin, Bobbie Jo Prenzlin, and Melvin Prenzlin, were born as issue of the marriage. All three children were minors at all times relevant to the instant appeal.
The parties were granted a divorce by the Seneca County Court of Common Pleas on March 15, 1995. At that time, Ms. Fahle was designated as the residential parent of all three children and Mr. Prenzlin was granted visitation. Because neither parent was employed, no child support order was issued.
The CSEA filed a Motion to Establish Child Support upon receipt of an URESA petition from the State of California. In 1998, the court ordered Mr. Prenzlin to pay $202.05 each month in support for all three children. Additionally, an arrearage of $7348.50, due to California, was established.
In 1999, Jane Prenzlin was adjudicated an abused child, while Bobbie Jo and Melvin were adjudicated dependant. Ultimately, Mr. Prenzlin was named the residential parent of Jane, while Ms. Fahle continued as the residential parent of Bobbie Jo and Melvin. The court ordered visitation between Mr. Prenzlin and the two children who resided with their mother. Mr. Prenzlin was ordered to pay $108.83 per month in support for the children.
Ms. Fahle and her new husband moved to California and thereafter refused to grant Mr. Prenzlin visitation with Bobbie Jo and Melvin. Mr. Prenzlin filed a motion for contempt against his ex-wife for denying him visitation. On March 13, 2000, the trial court found Ms. Fahle to be in contempt and ordered that all child support obligations of Mr. Prenzlin should terminate as of November 3, 1999 and that his wage withholdings should also terminate. The trial court reiterated this order at an August 16, 2000 hearing. No appeal was taken from either of these rulings.
On October 16, 2000, upon receiving a request for collection of child support and arrearages from California, the CSEA requested that the court review and modify its order suspending child support. A hearing on the motion was held before a magistrate, who recommended that it be denied. Upon timely objection, the trial court reviewed and affirmed the magistrate's decision. The appellant now appeals from that judgment, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I "The Court erred as a matter of law in suspending the child support obligation of Gerald Prenzlin as a Contempt sanction for visitation against Cindy Prenzlin (nka Cindy Fahle)."
 ASSIGNMENT OF ERROR NO. II "The court erred as a matter of public policy to establish child support in a case where state funds were being expended and no child support was ordered."
The motion from which the CSEA appeals was captioned as a Motion to Modify Child Support. However, a review of the hearings that were held on the matter reveals that the motion and the hearings actually constituted an attempt to persuade the trial court to reconsider its contempt sanctions against Ms. Fahle. Moreover, the appellant's brief to this court makes clear that it is attempting to appeal from the trial court's refusal to modify its contempt sanctions, rather than from the denial of a traditional motion to modify child support.
The trial court first found Ms. Fahle to be in contempt on March 13, 2000 and issued its order that all child support obligations of Mr. Prenzlin should terminate as a contempt sanction on the same day. The trial court reiterated this order on August 16, 2000. However, neither Ms. Fahle nor the CSEA raised objection to or took appeal from those orders. In fact, the CSEA did not file anything in this case until October 16, 2000, the date on which they received notification from the State of California.
Ms. Fahle was properly notified of both the contempt charges and the subsequent sanctions against her. Yet, she neither appeared at the contempt hearing nor appealed the judgments. Where a court finds, "on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal," the subsequent claim is barred by res judicata.[1]
Thus, Ms. Fahle herself is forever barred from challenging the initial ruling finding her in contempt and issuing sanctions. Sanctions against her will only be lifted if she complies with the court's visitation order.
The CSEA could not have taken a direct appeal from the contempt sanction against Ms. Fahle because they were not a party to the case at that time. Similarly, they cannot attempt to collaterally attack that ruling through a Motion to Modify Child Support. "A direct attack upon a judgment has been defined to be one by which the judgment is directly assailed in some mode authorized by law, while a collateral attack is defined as an attempt to defeat the operation of a judgment in a proceeding where some new right derived from or through the judgment is involved, or in some incidental proceeding not provided by law for theexpress purpose of attacking it."[2] The motion filed by the CSEA is not an appropriate proceeding for attacking a contempt sanction and, thus, was properly denied by the trial court.
Accordingly, the appellant's assignments of error are not well taken and are hereby denied.
Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] See State v. Lester (1975), 41 Ohio St.2d 51, 51.
[2] In re Guardianship of Titington (O.P. 1958), 82 Ohio Law Abs. 563 (citations omitted).