OPINION
{¶ 1} Appellant David B. Ferrell appeals the decision of the Stark County Probate Court ordering him to repay Appellee Guardianship of Charles C. Hice the sum of $8,568.18 previously paid to him for attorney fees.
 STATEMENT OF THE CASE AND FACTS {¶ 2} The undisputed facts are as follows:
 {¶ 3} On April 3, 1976, Charles C. Hice and Helen Hice were married. It was a second marriage for both of them.
 {¶ 4} On April 25, 1996, Charles C. Hice executed the "Charles C. Hice Living, Revocable Trust Agreement", which was partially funded by his share of the marital real estate. The deed transferring Mr. Rice's interest in the marital real estate into the trust was also recorded on that date. Charles C. Hice named himself as Trustee.
 {¶ 5} On November 12, 2003, Charles Hice and Helen Hice file for divorce.
 {¶ 6} On July 13, 2004, Charles C. Hice and David B. Ferrell, Esq. executed a written fee agreement which provided that Attorney Ferrell was to be paid for legal services "out of my share of the sale proceeds of the marital residence".
 {¶ 7} On September 23, 2005, Charles C. Hice was declared incompetent by Stark County Probate Court. Irene Dodson was appointed Guardian for Charles C. Hice.
 {¶ 8} On or about March 10, 2006, the initial guardian resigned and the Stark County Probate Court appointed Stephen A. Ginella, Jr. as Successor Guardian, and initiated a new case number, Case No. 196419. *Page 3 
The Domestic Relations action was eventually concluded with the trial court ordering that the sum of $37,360.26 that had been held by the Family Court appointed receiver in the name of "The Charles C. Hice Living, Revocable Trust" be distributed to Charles C. Hice and his attorney, David B. Ferrell.
 {¶ 9} On June 8, 2006, Appellant David B. Ferrell initiated a Declaratory Judgment Action in Start County Common Pleas Court, Case No. 2006CV 02181, seeking legal fees, per the fee agreement, from the marital residence proceeds now held by a Family Court-appointed receiver in the name of "The Charles C. Hice Living Revocable Trust."
 {¶ 10} On August 10-14, 2006, a trial was held in this matter resulting in a judgment in favor of Appellant, David B. Ferrell in the amount of $22,923.00. The trial court ordered the escrowed funds disbursed to Appellant in that amount, with the balance to be disbursed to Appellee. No appeal was taken by Appellee herein and the funds were disbursed.
 {¶ 11} On October 23, 2006, Appellee filed a "Representation of Insolvency" in the Charles C. Hice Guardianship case in the Stark County Probate Court. The guardian included Appellant as a "Claimant".
 {¶ 12} A hearing was held in this matter on December 6, 2006.
 {¶ 13} On February 15, 2007, the Stark County Probate Court issued a Judgment Entry of Insolvency finding that the funds received by Attorney Ferrell "were guardianship assets" and ordering Appellant to surrender $8,568.18 of the $22,923.00 received by Appellant pursuant to the Declaratory Judgment Action. *Page 4 
 {¶ 14} On March 9, 2007, Appellant herein filed his Notice of Appeal with this Court from the February 15, 2007, Judgment of the Stark County Probate Court, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 15} "I. THE COURT IMPROPERLY EXERCISED ITS SUBJECT MATTER JURISDICTION WHEN IT MADE THE FINDING THAT THE ASSETS WERE GUARDIANSHIP ASSETS WHEN IN FACT THE ASSETS WERE NEVER WITHIN THE GUARDIANSHIP ESTATE, BUT RATHER WERE HELD BY THE CHARLES C. HICE LIVING, REVOCABLE TRUST AND WERE AT ALL TIMES CONTAINED AS AN ASSET OF THE TRUST, WHICH WAS NEVER DISSOLVED.
 {¶ 16} "II. THE DOCTRINE OF RES JUDICATA SHOULD BE APPLIED TO THE JUDGMENT RESULTING FROM THE DECLARATORY JUDGMENT ACTION, PRECLUDING THE APPELLEE FROM LATER ATTACKING SAID JUDGMENT BY WAY OF AN INSOLVENCY PROCEEDING."
 {¶ 17} We shall address Appellant's assignments of error as we find Assignment of Error II to be dispositive of this appeal
 II. {¶ 18} In his second assignment of error appellant argues that Appellee should be precluded from attacking the declaratory judgment pursuant to the doctrine of res judicata. We agree.
 {¶ 19} Appellant argues that the asset from which Appellant was paid was an asset of a trust, and never an asset of the guardianship. *Page 5 
 {¶ 20} Appellant further maintains that, prior to the filing of the insolvency in the case sub judice, he received a ruling in his favor as to the amount of legal fees to which he was entitled, and that said judgment was paid pursuant to a court order. He further maintains that judgment was never appealed.
 {¶ 21} In support of this argument, Appellant cites R.C. § 2117.15, which provides:
 {¶ 22} "Payment of debts
 {¶ 23} An executor or administrator may proceed to pay the debts due from the estate in accordance with Chapters 2113. to 2125. of the Revised Code. If it appears at any time that the estate is insolvent, the executor or administrator may report that fact to the court, and apply for any order he considers necessary because of the insolvency. In case of insolvency, a creditor who has been paid according to law shall not be required to make any refund."
 {¶ 24} We find that both the real estate and later, the real estate sale proceeds, were held in the name of the Trust.
 {¶ 25} We further find the insolvency proceedings did not begin until two months after the judgment was rendered in the declaratory judgment action.
 {¶ 26} Upon review, we agree with Appellant that the doctrine of res judicata bars Appellee in the instant case from seeking to collaterally attack the judgment of the Common Pleas Court holding that Atty. Ferrell was legally entitled to be paid the full $22,923.00 for his legal services.
 {¶ 27} "`A valid, final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the *Page 6 
subject matter of the previous action.' Clinton Township Board ofTrustees v. Thomas Yackee, Sept. 30, 2003, Ohio App. 6 Dist. and In ReGuardianship of Titington (O.P. 1958), 162 N.E.2d 628." Snyder v.Hawkins, Coshocton App. No. 03-CA-007, 2004-Ohio-99.
 {¶ 28} In the case sub judice, the guardian for the Estate was a party to the declaratory judgment action and never appealed the judgment. The guardian cannot now attempt to collaterally attack such judgment.
 {¶ 29} Appellant's second assignment of error is sustained.
 I. {¶ 30} In his first assignment of error, appellant argues that the trial court exceeded its jurisdiction in considering the trust asset to be a guardianship asset and by ordering a refund contrary to statute.
 {¶ 31} Based on our disposition of Appellant's second assignment of error, we find Appellant's first assignment of error moot.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is reversed.
 Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is reversed for further proceedings consistent with this opinion.
 Costs assessed to Appellee.