**In re ,ESTATE OF PFAHLER, Deceased.**

[Cite as *In re Estate of Pfahler* (1989), 64 Ohio App.3d 331.]

Court of Appeals of Ohio,
Crawford County.

No. 3–88–24.

Decided Dec. 26, 1989.

*John L. Wagner,* for appellant.
*Terry L. Gernert,* for appellee.

SHAW, Judge.

This is an appeal from a judgment entered in the Probate Division, Court of Common Pleas of Crawford County, appointing appellee, Orthella A. Pfahler,

as administratrix with will annexed ("WWA") of the estate of Elwood K. Pfahler.

The decedent died on April 6, 1988 and his will was subsequently admitted to probate. The will designated appellant, John L. Wagner, who is also the scrivener of the document, as executor. On April 27, 1988, appellee, decedent's surviving spouse, filed an application to be appointed administratrix WWA. Subsequently, on May 3, 1988, appellant applied to be appointed executor of the estate as provided in the will.

Following an evidentiary hearing in the matter (of which no transcript has been filed in this appeal), the probate court entered judgment granting appellee's application for appointment as administratrix WWA. Appellant assigns two errors to the judgment alleging the probate court's abuse of discretion in failing to appoint the person designated in the will as executor, where he is not unsuitable or incompetent, or unwilling to accept the appointment.

■ R.C. 2113.05 mandates that the probate court issue letters testamentary to the executor named in the will if the person so named is " * * * suitable, competent, accepts the appointment, and gives bond if that is required." We have previously recognized that the threshold issue in a case such as the one at bar is whether the designated executor is "suitable." See *In re Estate of Leightey* (Sept. 14, 1984), Wyandot App. No. 16–83–11, unreported, 1984 WL 8.076. The determination of whether an applicant for letters testamentary is a suitable person lies within the sound discretion of the probate court and therefore an order denying or granting letters of appointment will be reversed only upon a finding of an abuse of discretion. *In re Estate of Henne* (1981), 66 Ohio St.2d 232, 20 O.O.3d 228, 421 N.E.2d 506.

At paragraph two of the syllabus of *In re Henne, supra,* the court defines "suitable" as follows:

"In accordance with R.C. 2113.05, a 'suitable' person qualified for appointment as executor is an applicant who is *reasonably disinterested* and in a position to *reasonably fulfill* the obligations of a fiduciary." (Emphasis *sic.*)

The court proceeds at paragraph three of the syllabus to establish criteria to be used in assessing whether an applicant is reasonably disinterested:

"While acknowledging deference to the testator's nomination of an executor, the court, in determining the limits of a *reasonably disinterested* applicant, may consider factors including, but not limited to: (1) the nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict." (Emphasis *sic.*) *Id.*

In the instant case, the following relevant facts, as stated in the decision of the probate court, were established at the evidentiary hearing:

" * * * In August of 1987 the decedent was terminally ill and physically weak from the chemotherapy that he was undergoing. Because of his weakened condition it was thought to [sic] much of a strain to travel to Bucyrus to his usual attorney to make a new will. On August 18, 1987, the decedent and his spouse met with Attorney Wagner to prepare new wills. *At the time of the consultation of the provisions of a new will, no discussion was had regarding the potential fiduciary fees and attorney fees which might be charged if an attorney acted as the executor of the estate.* * * *

"Attorney Wagner testified that it is his normal practice to charge both a fiduciary fee and an attorney fee when acting as executor or administrator of an estate. He further testified he would charge this estate according to the old fee schedule percentages regardless of the nature of the assets to be transferred or the relative simplicity of the estate. He testified that he took a combined fee of $9,775.00 from the Estate of Harry Gray in 1976 and that the Gray Estate had assets of $107,091.52. This fee was for acting as both attorney and fiduciary." (Emphasis added.)

According to appellee's testimony, she believes that appellant's failure to disclose the fee arrangements, at the time he was consulted, was misleading. Appellee believes the failure to disclose to be particularly misleading in light of the fact that the estate is relatively small and uncomplicated and that the double fee arrangement would unduly diminish the inheritance when compared to the actual services involved in the administration of the estate.

The determination of the probate court rejecting appellant's application for appointment as executor was based, at least in part, on evidence of the hostility and distrust that appellee, as the surviving spouse and sole beneficiary under the will, feels toward appellant. Consideration of these factors was appropriate. *In re Henne, supra.* Thus, we conclude that the court's determination in this regard was not arbitrary, unreasonable or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Finding no abuse of discretion in the appointment of appellee as administratrix WWA, we overrule the appellant's assignments of error and affirm the judgment of the probate court.

*Judgment affirmed.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.