PIO, Appellee,

v.

RAMSIER, Admr., Appellant.

[Cite as *Pio v. Ramsier* (1993), 88 Ohio App.3d 133.]

Court of Appeals of Ohio,
Wayne County.

No. 2766.

Decided June 2, 1993.

Dickinson, J., issued dissenting opinion.

---

*Bonnie C. Drushal,* for appellee.

*Charles A. Kennedy,* for appellant.

---

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Victoria Ramsier from the judgment entered in the Wayne County Court of Common Pleas, Probate Division, removing her as executor of her mother's estate, pursuant to R.C. 2109.24.

Four months before her death, Evelyn Reinke ("Mother") executed a new will and a declaration of trust. Mother's previous wills left her estate equally to her two daughters. The new will and trust gave daughter, Bonnie Pio, $5,000 and some personal items, and gave daughter, Victoria Ramsier, the remainder of the

estate, reportedly more than $400,000. Mother named Victoria Ramsier as executor of the will and appointed her trustee by the trust instrument.

Bonnie Pio filed a will contest and a declaratory judgment action, claiming that the will and trust were the result of Victoria Ramsier's undue influence on Mother. Bonnie Pio then filed a motion for removal of Victoria Ramsier as executor. Bonnie Pio alleged that Mother suffered a weakened body and mind due to her terminal illness. She wished to present evidence contained in Mother's medical records, but Victoria Ramsier, as executor, was not willing to waive the physician-patient privilege. The trial court held a hearing on the issue of removal and ordered that it was in the best interest of the estate to remove Victoria Ramsier as executor. She appeals and asserts two assignments of error.

Assignment of Error I

"The trial court abused its discretion in the removal of Victoria Ramsier as executrix of her mother's estate."

Victoria Ramsier charges that the trial court impermissibly removed her as executor of her Mother's estate because (1) she had an interest in the estate as a beneficiary, and (2) she refused to consent to waive the physician-patient privilege and release Mother's medical records. Victoria claims that she should have been removed only on the grounds specifically enumerated in the statute, which provides, in pertinent part:

"The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law." R.C. 2109.24.

Review of the record indicates that the trial court removed Victoria Ramsier as executor because it was in the best interest of the estate to do so. The trial court considered it to be in the best interest of the estate to have a reasonably disinterested fiduciary throughout the entire administration of the estate, not only at the time of appointment. Furthermore, since there were allegations that Mother may not have been competent and may have been subject to undue influence, the trial court found it in the best interest of the estate to appoint an impartial executor to consent to or to deny consent to releasing Mother's medical records. An executor's refusal to waive the physician-patient privilege may be a basis for removal, provided that the trial court accords the executor a hearing and an opportunity to present evidence on the issues involved. *In re Estate of Russolillo* (1990), 69 Ohio App.3d 448, 451, 590 N.E.2d 1324, 1326. In this case, the trial court held a hearing and considered a number of factors, in

addition to those objected to, before finding that removing Victoria Ramsier was in the best interest of the estate.

█ Removal of an executor rests within the sound discretion of the trial court and a reviewing court will not reverse the decision absent a clear showing of abuse of discretion. *In re Estate of Jarvis* (1980), 67 Ohio App.2d 94, 97, 21 O.O.3d 411, 413, 425 N.E.2d 939, 942. The record does not suggest that the trial court abused its discretion or that its attitude was unreasonable, arbitrary or unconscionable. *In re Estate of Pfahler* (1989), 64 Ohio App.3d 331, 333, 581 N.E.2d 602, 604; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. We overrule Victoria Ramsier's first assignment of error.

## Assignment of Error II

"Trial court erred as a matter of law in determining that the 'suitable person' test is the standard that should be followed in the removal of an executrix."

█ Victoria Ramsier asserts that, because the trial court discussed her "suitability" to serve as executor, the trial court applied a "suitability" standard in removing her as executor. We disagree.

The record indicates that the trial court discussed the statutory "suitable person" test, which applies when it appoints an executor. R.C. 2113.05. Nonetheless, the trial court analyzed Victoria Ramsier's suitability after appointment in the context of determining what was in the best interest of the estate. The trial court specifically removed Victoria Ramsier by authority of R.C. 2109.24, governing the removal of a fiduciary, and not by authority of the statute concerning her appointment. We overrule Victoria Ramsier's second assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

REECE, J., concurs.

DICKINSON, J., dissents.

DICKINSON, Judge, dissenting.

The trial court in this case removed the appellant, Victoria Ramsier, from her position as executor of her mother's estate. I would reverse.

Appellant and appellee, Bonnie Pio, are the daughters of Evelyn Reinke. Reinke died on March 16, 1992. Appellant was named executor and primary beneficiary under Reinke's will. Pio filed a declaratory judgment action in which she sought a ruling that the disposition of Reinke's estate, as provided by her will, was the result of undue influence exercised over her by appellant. In

furtherance of her claim, Pio asked appellant, as executor, to waive the physician-patient privilege to allow discovery of Reinke's medical records. Appellant refused. Pio then asked that appellant be removed from her position as executor of Reinke's estate.

The trial court found that it was not in the best interest of the estate for appellant to continue to serve as executor because she was not "reasonably disinterested." Specifically, the trial court found that appellant's pecuniary interest under her mother's will, coupled with Pio's accusation of undue influence, allowed suspicion of the motive for appellant's refusal to waive the privilege. That is, she may have refused to waive the privilege in order to protect her personal interest, rather than in pursuit of her duties as executor. The flaw in the trial court's reasoning, however, is that the motive for appellant's action should be of no relevance as long as that action is consistent with her duties as executor.

In *In re Estate of Henne* (1981), 66 Ohio St.2d 232, 238, 20 O.O.3d 228, 231, 421 N.E.2d 506, 510, the Ohio Supreme Court stated that an executor "has an obligation to uphold and defend the provisions of the will" pursuant to which she was appointed. An executor's fiduciary duty prohibits her from bringing a will contest action to attack the validity of a will under which she was appointed. *Steinberg v. Cent. Trust Co.* (1969), 18 Ohio St.2d 33, 36, 47 O.O.2d 154, 156, 247 N.E.2d 303, 305. That same fiduciary duty would prohibit her from doing indirectly what she could not do directly. That is, her fiduciary duty would require her to exercise the right given her by R.C. 2317.02 regarding the decedent's physician-patient privilege in the manner most likely to result in the provisions of the will being upheld. Appellant's perceived personal interest in this case was identical to her fiduciary duty. I would find that a trial court abuses its discretion when it removes an executor because of a suspicion that she took required actions based upon a personal motive rather than because she was required to do so by law. To hold otherwise would seem to require that any executor who stands to gain personally from a faithful exercise of her fiduciary duty must be removed.