**In re ESTATE OF RICE.**

[Cite as *In re Estate of Rice,* 161 Ohio App.3d 847, 2005-Ohio-3301.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 03CA0145–M.

Decided June 29, 2005.

James E. Brown, for appellant Craig J. Rice.

William B. Young, for appellees Gregory Rice and Michael Rice.

Andrew S. McIllvaine, for appellee Mary Jo Morse.

Richard J. Rice Jr., pro se.

CARR, Judge.

{¶ 1} Appellant, Craig J. Rice, appeals the decision of the Medina County Court of Common Pleas, Probate Division, which removed him as executor of his mother's estate. This court reverses.

## I

{¶ 2} About two months before his mother's death, appellant downloaded a will kit from the Internet. Appellant presented the will to his mother, Mary Ellen Rice, and she executed it before two witnesses. The will nominated appellant as executor of the estate. Appellant is not a beneficiary under the will; however, his fiancé is.

{¶ 3} Mary Ellen Rice died September 23, 2003. On October 14, 2003, appellant filed an application to probate the will and an application for authority to administer the estate. The will was admitted into probate, and appellant was appointed executor of the estate without objection.

{¶ 4} On November 4, 2003, appellees, Gregory Rice, Michael J. Rice, and Richard J. Rice, appellant's brothers and beneficiaries under the will, filed a motion to remove appellant as executor of their mother's estate. On November 19, 2003, the trial court held a hearing regarding the motion to remove appellant as executor. At the hearing, the trial court heard the testimony of appellant; Patrick Rice, appellant's brother; and Michelle Smith Rice, the decedent's granddaughter and a beneficiary under the will. However, neither Patrick nor Michelle is a party in the present appeal. In an entry dated November 25, 2003, the trial court granted the motion to remove appellant as executor of his mother's estate.

{¶ 5} Appellant timely appealed, setting forth three assignments for review. Appellant's second and third assignments of error have been combined to facilitate review.

### First Assignment of Error

The trial court erred as a matter of law in ordering the removal of the appellant as executor of the estate by application of the statutory "suitable person" standard.

{¶ 6} In his first assignment of error, appellant argues that the trial court erred in granting appellees' motion to remove him as executor of his mother's estate. Specifically, appellant avers that the trial court relied on R.C. 2113.05 rather than R.C. 2109.24 in deciding to grant appellees' motion to remove him as executor of his mother's estate. This court agrees.

{¶ 7} Both R.C. 2109.24 and 2113.18 provide the statutory basis for removing a fiduciary or executor.

{¶ 8} Under R.C. 2109.24, "The court may remove any such fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

{¶ 9} R.C. 2113.18(A) states, "The probate court may remove any executor or administrator if there are unsettled claims existing between him and the estate, which the court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein."

{¶ 10} R.C. 2113.05, which governs the appointment of an executor, states:

When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will or to the executor nominated by holders of a power as described in section 2107.65 of the Revised Code, or to the executor named in the will and to a coexecutor nominated by holders of such a power, if he is suitable, competent, accepts the appointment, and gives bond if that is required.

{¶ 11} In the present matter, the trial court began its analysis with a discussion of R.C. 2113.05. The court noted that, pursuant to R.C. 2113.05, an executor must be "suitable" and "competent." The court then discussed the factors that must be considered when determining whether an executor is suitable.

{¶ 12} In the end, the trial court concluded that "[t]he executor should be removed because he is not suitable." The trial court's reliance on R.C. 2113.05 was in error. *Pio v. Ramsier* (1993), 88 Ohio App.3d 133, 623 N.E.2d 174. The removal of a fiduciary is governed by R.C. 2109.24 and 2113.18. Consequently, the trial court examined appellant's removal in light of the wrong statute. Appellant's first assignment of error is sustained.

### Second Assignment of Error

The decision of the trial court to remove the named executor of the estate of Mary Ellen Rice is against the manifest weight of the evidence and shows a clear abuse of discretion.

### Third Assignment of Error

The probate court erred in the appointment of an administrator with will annexed in derogation of the statutory order of preference of appointment.

{¶ 13} In his second assignment of error, appellant avers that the trial court abused its discretion because its decision is against the manifest weight of the evidence. Appellant argues in his third assignment of error that the trial court erred in appointing an executor because it failed to comply with R.C. 2113.06.

{¶ 14} This court's resolution of the appellant's first assignment of error renders appellant's second and third assignments of error moot; therefore, this court declines to address them. See App.R. 12(A)(1)(c).

## II

{¶ 15} Appellant's first assignment of error is sustained. The second and third assignments of error are moot. The judgment of the Medina County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOORE, J., concurs.

SLABY, J., dissents.

SLABY, Presiding Judge, dissenting.

{¶ 16} I respectfully dissent. In his first and second assignments of error, appellant argues that the trial court erred in granting appellees' motion to remove him as executor of his mother's estate. Specifically, appellant avers that the trial court used the wrong standard when it granted appellees' motion. Appellant further argues that the trial court abused its discretion because its decision is against the manifest weight of the evidence.

{¶ 17} Although appellant argues that the decision of the trial court is against the manifest weight of the evidence, the removal of an executor is within the sound discretion of the probate court, and a reviewing court will not reverse the trial court's order unless it appears that the lower court abused its discretion. *In re Estate of Jarvis* (1980), 67 Ohio App.2d 94, 97, 21 O.O.3d 411, 425 N.E.2d 939. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *In re Estate of Clapsaddle* (1992), 79 Ohio App.3d 747, 755, 607 N.E.2d 1148.

{¶ 18} Both R.C. 2109.24 and 2113.18 provide the statutory basis for removing a fiduciary or executor.

{¶ 19} Under R.C. 2109.24, "[t]he court may remove any such fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

{¶ 20} R.C. 2113.18(A) states, "The probate court may remove any executor or administrator if there are unsettled claims existing between him and the estate, which the court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein."

{¶ 21} In the present matter, the trial court found that there is an "obvious conflict of interest among [appellant], the estate and the beneficiaries." The trial court based its finding in part on the fact that there was an outstanding lawsuit against appellant and the estate regarding the sale of his mother's Wadsworth home. The proceeds from the real estate sale constitute the bulk of the estate. Although appellant was personally sued, he misrepresented in a letter to his brothers that the estate would be solely liable for any judgment in the pending lawsuit.

{¶ 22} The court also noted that appellant has a prior felony conviction for theft and that he arranged for his fiancé rather than himself to be named as a beneficiary in his mother's will in order to prevent creditors from attaching his bequest.

{¶ 23} Furthermore, the trial court noted that appellant's brothers do not trust him to act fairly on behalf of the estate and their interests. The trial court went on to find that there is "great hostility and distrust among the parties."

{¶ 24} Appellant argues that the trial court relied on R.C. 2113.05 rather than 2109.24 in deciding to grant appellees' motion to remove him as executor of his mother's estate. Although the trial court did not specifically cite either R.C. 2109.24 or 2113.18, the findings of the trial court make it clear that it considered the proper factors when deciding to grant appellees' motion to remove appellant as executor of his mother's estate. *Pio v. Ramsier* (1993), 88 Ohio App.3d 133, 135–136, 623 N.E.2d 174. After reviewing the record, I cannot find that the trial court abused its discretion or that its attitude was unreasonable, arbitrary, or unconscionable. I would overrule appellant's first and second assignments of error.

{¶ 25} In his third assignment of error, appellant argues that the trial court erred in appointing an executor because it failed to comply with R.C. 2113.06.

{¶ 26} In its journal entry and order dated November 25, 2003, the trial court granted appellees' motion to remove appellant as executor of his mother's estate

and appointed Attorney Kevin W. Dunn, a disinterested third party, as administrator with will annexed. Due to a conflict on Mr. Dunn's part, the trial court replaced Dunn with Attorney Mary Jo Morse as administrator with will annexed.

{¶ 27} R.C. 2113.06 sets forth the statutory order of preference for the appointment of an executor:

Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:

(A) To the surviving spouse of the deceased, if resident of the state;

(B) To one of the next of kin of the deceased, resident of the state.

If the persons entitled to administer the estate fail to take or renounce administration voluntarily, they shall be cited by the probate court for that purpose.

If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person who is a resident of the state, or to the attorney general or the attorney general's designee, if the department of job and family services is seeking to recover medical assistance from the deceased pursuant to section 5111.11 or 5111.111 of the Revised Code. Such person may be a creditor of the estate.

This section applies to the appointment of an administrator de bonis non.

{¶ 28} R.C. 2113.06 does not expressly authorize anyone to file objections to the appointment of an executor. "Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a 'personal stake in the outcome of the controversy.'" *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 75, 25 OBR 125, 495 N.E.2d 380, quoting *Sierra Club v. Morton* (1972), 405 U.S. 727, 731–732, 92 S.Ct. 1361, 31 L.Ed.2d 636. To have standing, a person must demonstrate an immediate, pecuniary interest in the subject matter of the litigation. A future, contingent or speculative interest is not enough. *Tiemann v. Univ. of Cincinnati* (1998), 127 Ohio App.3d 312, 325, 712 N.E.2d 1258, citing *Los Angeles v. Lyons* (1983), 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675.

{¶ 29} In the present matter, appellant was not a beneficiary under the will. Therefore, he did not have a personal stake in who was appointed executor of his mother's estate after his removal. Appellant does not have standing to challenge the trial court's appointment of Mary Jo Morse as administrator with will annexed. I would overrule appellant's third assignment of error.

{¶ 30} For the foregoing reasons, I would affirm the judgment of the trial court.