OPINION
{¶ 1} Petitioner-appellant/cross-appellee, James Constable, appeals the decision of the Clermont County Court of Common Pleas, Probate Division, denying his motion to remove the guardian of respondent-appellee/cross-appellant, Shawn Constable. Appellee cross- *Page 2 
appeals the trial court's decision finding that appellant is an interested party in this proceeding.
 {¶ 2} Shawn is a mentally disabled adult who suffers from hydrocephalus, a brain disorder characterized by excessive cranial fluid. James and Linda Constable are Shawn's parents. They divorced in December 1995, when Shawn was still a minor. Linda was named residential parent in the divorce decree. Linda placed Shawn in a residential care facility and a vocational program. The probate court later named a guardian for Shawn. The relevant facts regarding the appointment were set forth in earlier decisions of this court. See In the Matter of:Guardianship of Shawn D. Constable (June 12, 2000), Clermont App. No. CA99-05-039; In the Matter of: Guardianship of Shawn Constable (Mar. 30, 1998), Clermont App. No. 97-11-101.
 {¶ 3} In June 2005 appellant filed a motion requesting the removal of the guardian. In a September 2005 entry the trial court found that appellant was an interested party, entitled to participate in the proceeding. Following a hearing, the trial court denied appellant's motion. He has appealed, raising six assignments of error.[1] Appellee cross-appeals, raising a single assignment of error, which we will address first.
 {¶ 4} Cross Assignment of Error:
 {¶ 5} "THE PROBATE COURT ERRED TO THE PREJUDICE OF THE CROSS APPELLANT IN HOLDING THAT APPELLANT IS AN `INTERESTED PARTY' FOR PURPOSES OF THE GUARDIANSHIP AND HAS STANDING TO CHALLENGE THE *Page 3 
ACTIONS OF THE GUARDIAN."
 {¶ 6} In the cross assignment of error, appellee argues both that appellant is not an "interested party" as that term is used in R.C. 2111, and that an "interested party" does not have standing to bring a motion to remove a guardian under R.C. 2109. Appellee points out the limited role of interested parties under R.C. 2111 and 2109, and states, without citation, that "there is some question whether a guardian of the person only is governed by [R.C. 2109]."
 {¶ 7} There is no separate statutory provision governing a motion to remove a guardian under R.C. 2111.[2] However, such motions are recognized and reviewed under R.C. 2109 governing fiduciaries. SeeIn re Weingart, Cuyahoga App. No. 79489, 2002-Ohio-38; In reGuardianship of Sanders (1997), 118 Ohio App.3d 606, 610; In re Estateof Jarvis (1980), 67 Ohio App.2d 94, 96-97 n. 4. R.C. 2109.24 defines a fiduciary as "any person * * * appointed by and accountable to the probate court and acting in a fiduciary capacity for any person." R.C.2109.01. We find no question that the plain language of R.C. 2109 applies to the removal of a guardian of the person, a fiduciary appointed by and accountable to the probate court. SeeWeingart. See, also, Anderson's Ohio Probate Practice and Procedure
(2006), Section 24.04. But, see, In re Guardianship of Sanders (1997),118 Ohio App.3d 606 (holding that R.C. 2109.24 does not apply to the removal of a guardian of a minor which is governed by R.C. 2111.46).
 {¶ 8} Pursuant to R.C. 2109.24, the probate court may take action to remove a fiduciary on its own motion. Guardianship of Herr (Sept. 2, 1998), Richland App. No. 98-CA-16-2. Although the statute fails to specify a procedure for doing so, Ohio courts have recognized that an interested person may move for the removal of a guardian under this *Page 4 
section. See In re Estate of Rice, 161 Ohio App.3d 847, 2005-Ohio-3301;In the Matter of the Estate of Schmidt (Nov. 27, 1995), Butler App. Nos. CA95-01-013 and CA95-01-014; In re Marshall (1946), 78 Ohio App.3d 1.
 {¶ 9} Appellee urges us to conclude that appellant is not an "interested person" with standing to petition the court for removal of Constable's guardian. R.C. 2109.24 provides no definition of an interested person; however, review of the sparse case law considering this issue indicates that it is given a broad definition. InWeingart, a stepbrother, niece, nephew, and "longtime friend" were considered interested parties with standing to petition for the removal of a guardian. In In re Guardianship of Titington (P.C. 1958), 82 Ohio Law Abs. 563, an attorney, who did not personally see or even know his prospective ward, was found to be an interested party where the attorney had been advised on "sufficiently good authority" that the proposed ward was mentally incapacitated. Other cases have found a sister, and a stranger when the ward had no close relatives, to have sufficient interest to participate in the guardianship proceeding. See Hopkins v.Barger (Nov. 18, 1935), Lawrence App. No. 539; In re Oliver'sGuardianship (C.P. 1909), 20 Ohio Dec. 64, 9 Ohio N.P. 178. In fact, review of Ohio case law reveals no instance in which a moving party was found to be uninterested for purposes of participating in a guardianship proceeding. Consequently, we conclude that the trial court did not err when it found appellant, Constable's father, to be an interested person with standing to petition for the removal of the guardian. The cross assignment of error is overruled.
 {¶ 10} Appellant has raised six assignments of error. Although raising alleged errors, he does not support his contentions with argument, citation to relevant portions of the record, or legal authority.
 {¶ 11} It is well-established that a pro se plaintiff is held to the same rules, procedures *Page 5 
and standards as those litigants represented by counsel, and must accept the results of his own actions, mistakes and errors in such representation. Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209,210. According to App.R. 16(A): "The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." App. R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 12} In cases applying these rules, this court has previously overruled assignments of error that are not supported by argument, holding that "an appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)."State v. Martin (July 12, 1999), Warren App. No. CA99-01-003, citingMeerhoff v.Huntington Mortgage Co. (1995), 103 Ohio App.3d 164, 169. In overruling assignments of error on this basis, other courts have indicated, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v.Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673. Because [appellant] has failed to cite any legal authority to support his arguments, this court will not make his arguments for him."
 {¶ 13} Nevertheless, in the interest of justice, we have reviewed the record in light of appellant's assignments of error. We find that his contentions have no merit.
 {¶ 14} The probate court is the superior guardian of the person and property of an *Page 6 
incompetent, while the guardian, as an officer or agent of the court, is subject always to the court's control, direction and supervision. In reKreppner (Jan. 28, 1988), Cuyahoga App. No. 54419. The specific statutory authorization for removal of a guardian is supplied by R.C.2109.24, which provides in pertinent part: "The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law." Removal of a guardian is within the sound discretion of the court and is subject to reversal only in the event of a clear abuse of discretion. Guardianship of Miller (Aug. 3, 1998), Madison App. Nos. CA97-09-045, CA97-10-049; In re Estate ofJarvis (1980), 67 Ohio App.2d 94.
 {¶ 15} Having reviewed the record, we conclude that the trial court did not abuse its discretion when it denied appellant's motion. The evidence in the record supports the trial court's conclusion that appellant's grounds for requesting removal of the guardian are "speculative," and removal of the guardian is "not in the best interest of the ward." Appellant's assignments of error are overruled.
 {¶ 16} Judgment affirmed.
BRESSLER, P.J., and VALEN, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] We note that, although appellant's brief is captioned as "Brief for Shawn Constable," appellant is not a licensed attorney. Appellant is permitted to represent himself, but cannot represent Constable in this matter. R.C. 4705.01 ("No person who is not regularly licensed to practice law in this state shall hold himself out in any manner as an attorney at law, or shall represent himself either orally or in writing, directly or indirectly, as authorized to practice law"); Fravel v. StarkCty. Bd. of Revision (2000), 88 Ohio St.3d 574, 2000-Ohio-430 (R.C.4705.01 prohibits a non-attorney from representing another in any action or proceeding in which the person is not a party). Consequently, we consider appellant's assignments of error only as they relate to his own interest in this proceeding.
[2] Appellant moved to remove the guardian, not terminate the guardianship which is governed by R.C. 2111.47. *Page 1