[Cite as *In re Estate of Hudson*, 2018-Ohio-2436.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: | : | CASE NOS. CA2018-01-002 |
|  | : | CA2018-01-003 |
| MELISSA ANNE HUDSON | : | O P I N I O N |
|  |  | 6/25/2018 |
|  | : |  |
|  | : |  |

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case Nos. 20171143 and 20171144

CiceroAdams, LLC, Anthony R. Cicero, 500 East Fifth Street, Dayton, Ohio 45402, for appellants, Addyson House and Paige House

Pickrel, Schaeffer and Ebeling, L.P.A., James W. Kelleher, Eli Sperry, 40 North Main Street, Suite 2700, Dayton, Ohio 45423, for appellee, Beverly Dalton, co-Administrator of the Estate of Emerie Hudson and Administrator of the Estate of Melissa Hudson

Brannon & Associates, David D. Brannon, 130 West Second Street, Suite 900, Dayton, Ohio 45402 and Wright and Schulte, Michael L. Wright, 130 West Second Street, Suite 1600, Dayton, Ohio 45402, for intervenor, Denise Hudson, Co-Administrator of the Estate of Emerie Hudson

Jaqcob A. Kovach, P.O. Box 118, New Paris, Ohio 45347, court-appointed guardian ad litem

**PIPER, J.**

{¶ 1} Appellants, Paige and Addyson House, appeal a decision of the Preble County

Court of Common Pleas, Probate Division, denying their motion to vacate the appointment of

fiduciaries.[1]

{¶ 2} Melissa Hudson ("Melissa") had a relationship with William House that produced the two appellants, Paige and Addyson House. Melissa later separated from House, married Schon Hudson, and had a daughter with him named Emerie. Melissa, Schon, and Emerie were tragically killed in a traffic accident. Addyson and Paige were not involved in the accident, and survived their mother. Both girls are minors and in the custody and care of their father, House.

{¶ 3} Melissa's mother, Beverly Dalton ("Beverly"), filed a motion with the probate court to be named administrator of the estates of Melissa and Emerie. Schon's mother, Denise Hudson ("Denise") and Beverly later agreed to be co-administrators of Emerie's estate. The probate court then issued letters of authority naming Beverly administrator of Melissa's estate and co-administrator of Emerie's estate and naming Denise co-administrator of Emerie's estate.

{¶ 4} House, as guardian of Addyson and Paige, hired an attorney to represent the girls' interests as to the estates of Melissa and Emerie. Addyson and Paige's counsel filed a motion to vacate the appointment of Beverly and Denise as fiduciaries because the girls never received notice "for the purpose of ascertaining whether they desire to take or renounce administration." The probate court scheduled a hearing on the matter, but no formal hearing occurred. Instead, the parties discussed the issue in chambers, and the probate court permitted the parties to brief the issue as being a matter of law.

{¶ 5} The probate court later issued a decision denying the girls' motion to vacate. In so finding, the probate court determined first that the girls were precluded from administering the estates because they are minors. The probate court also found that Addyson and Paige

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

received notice of the appointment of Beverly and Denise as administrators of Melissa's and Emerie's estates. Further, the probate court determined that the girls' interests were protected because Beverly named both girls in paperwork filed in the estate as next of kin to Melissa and Emerie. The girls now appeal that decision to this court.

{¶ 6} Beverly and Denise filed separate appellees' briefs in which they assert that the probate court's decision was proper. Beverly also filed a motion to dismiss the appeal for lack of a final appealable order and lack of standing, while Denise raised some of the same arguments in her brief.

{¶ 7} We will address Addyson and Paige's assignment of error after addressing Beverly's and Denise's arguments that the appeal should be dismissed.[2]

## I. Final Appealable Order

{¶ 8} Ohio's appellate districts are split as to whether a decision on a motion to vacate the appointment of an estate administrator constitutes a final appealable order. The districts that find a lack of a final appealable order, such as the Ninth District Court of Appeals, find that such decisions are not special proceedings as contemplated by R.C. 2505.02, regardless of the reason an appellant moves to vacate an appointment. *In re Estate of Wilma Griffa*, 9th Dist. Summit No. 25987, 2012-Ohio-904. In *Griffa*, the appellant filed a motion to dismiss an application of appointment and argued that he did not receive notice of the appointment as an interested party. The Ninth District Court of Appeals dismissed the appeal of the probate court's decision for lack of a final appealable order.

{¶ 9} The districts that determine decisions regarding motions to vacate are final appealable orders include the Sixth, Seventh, Tenth, and Eleventh. These districts conclude

_____

2. During oral arguments, Beverly's counsel suggested that should this court affirm the probate court's decision, the motion to dismiss would be moot. However, this court must first determine whether the appeal should be dismissed before addressing the merits of such appeal.

that the order is final and appealable as a provisional remedy because, if not offered, it would

deny a meaningful remedy to appellant. In so doing, the districts rely upon applicable

sections of Ohio's final appealable order statute, R.C. 2505.02. That statute provides,

> (A) As used in this section:
>
> (1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
>
> (2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
>
> (3) "Provisional remedy" means a proceeding ancillary to an action* * *
>
> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without reprobate, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 10} Based on these statutory provisions, the Seventh District has determined that

"an order granting or denying a motion to remove an executor of an estate is a final

appealable order under R.C. 2505.02(B)(4)." *In re Estate of Geanangel*, 147 Ohio App.3d

- 4 -

131, 134, 137 (7th Dist.2002). Similarly, the Tenth District used R.C. 2505.02(B)(4) as a basis for determining that a final appealable order existed based on the probate court's decision in response to a motion to vacate. *In re Estate of Nardiello*, 10th Dist. Franklin No. 01AP-281, 2001-Ohio-4080, 2001 Ohio App. LEXIS 4813.

{¶ 11} In *Nardiello*, the Tenth District concluded that a probate court's order removing an estate's executor was a final appealable order pursuant to R.C. 2505.02(B)(4) because such an order was determinative of the action with respect to a "provisional remedy" and prevented a judgment in the action in favor of the appealing party as to the "provisional remedy." Further, the Tenth District stated that an order removing an executor is a final appealable order pursuant to R.C. 2505.02(B)(4), as "no meaningful or effective remedy could be granted upon an appeal by an executor following final resolution of the estate, since there would no longer be any opportunity for the executor to undertake his duties and functions as executor." *Id.* The Eleventh District has followed this reasoning in *In re Estate of Meloni*, 11th Dist. Trumbull No. 2003-T-0096, 2004-Ohio-7224, as has the Sixth District in *In re Estate of Sneed*, 6th Dist. Lucas No. L-06-1054, 2006-Ohio-1868. We find the reasoning of these courts persuasive.

{¶ 12} In the case sub judice, the probate court's denial of the girls' motion to remove Beverly and Denise as co-executors determines the action with respect to a "provisional remedy" and prevents a judgment in the action in favor of the girls. The girls would have no effective or meaningful remedy following the final resolution of the estate because Beverly's and Denise's duties, as co-executors, would terminate once the estate is administered. Thus, the probate court's judgment entry denying the girls' motion for removal is a final appealable order

## II. Standing

{¶ 13} Denise and Beverly assert that the girls do not have standing to challenge their

appointment as fiduciaries because Addyson and Paige are minors. According to Civ.R. 17, minors lack standing to bring suit. However, Civ.R. 17(B) provides,

> Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person does not have a duly appointed representative the minor may sue by a next friend or defend by a guardian ad litem. When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person.

{¶ 14}   Here, House, as parent and natural guardian, and thereby next of friend to Addyson and Paige, hired Attorney Cicero Adams to represent the girls' interests. The attorney then filed pleadings on their behalf challenging the appointment of Denise and Beverly. The trial court, in further protection of the girls' interests, appointed Jacob A. Kovach as their Guardian ad Litem. Thus, Addyson and Paige are fully represented and appearing in the proceedings below and have standing to challenge the appointment of these fiduciaries.

### III.  Merits of Appeal

{¶ 15}   We will now address the merits of Addyson and Paige's assignment of error:

{¶ 16}   THE TRIAL COURT ERRED BY FAILING TO VACATE THE LETTERS OF AUTHORITY ISSUED TO THE ADMINISTRATOR IN EACH OF THE ESTATES BASED UPON APPLICATIONS THAT DID NOT SERVE PRIOR NOTICE UPON THE SOLE HEIRS TO BOTH ESTATES AS REQUIRED BY R.C. § 2113.07.

{¶ 17}   Addyson and Paige argue in their assignment of error that the probate court erred by denying their motion to vacate.

{¶ 18}   Pursuant to R.C. 2113.06, letters of administration are issued first to the surviving spouse, then to the next of kin. If those entitled to administer the estate fail to take administration responsibilities, or renounce administration, the matter is set for a hearing and notice is given to the spouse and next of kin. If no next of kin is found suitable, the "court

shall commit the administration to some suitable person." R.C. 2113.06(C).

{¶ 19} R.C. 2113.07 provides that someone willing to administer the estate must file an application that contains the names of the surviving spouse, next of kin and their addresses, and a statement of the estate's assets and debts. The application can be accompanied by a waiver of those having priority to administer the estate, or in the absence of the waiver, those potential candidates with priority "shall be served notice for the purpose of ascertaining whether they desire to take or renounce administration. Minors who would have been entitled to priority to administer the estate except for their minority also shall be served notice pursuant to the Rules of Civil Procedure." *Id.*

{¶ 20} Given the statute, Addyson and Paige are correct that they were entitled to notice before the probate court issued Denise's and Beverly's letters of authority. However, premised upon the facts presented, the probate court's failure to issue the notice is harmless error.

{¶ 21} The girls are not suitable to administrate because they are minors. Even if the girls had received notice *before* the probate court appointed Beverly and Denise, the girls would have only been entitled to challenge Beverly and Denise as being unsuitable fiduciaries. However, the record contains no such argument from the girls. Instead, they simply argue that they were entitled to notice. At no time, however, have they asserted that Beverly or Denise are not proper fiduciaries.[3]

{¶ 22} The probate court determined that the girls' interests would be fully protected. The court is well aware that the girls are next of kin to Melissa and Emerie so that their interest in both estates are recognized and protected moving forward. Moreover, the probate court appointed a guardian ad litem to assist in protecting the girls' interests in the disposition

---

3. One of the girls' filings refers to raising suitability issues as a future hearing, but no such arguments were ever made to the probate court or to this court on appeal. Thus, the record is void of any bases for unsuitability.

of Melissa's real estate.

{¶ 23} The girls were placed on notice that Beverly and Denise had been appointed fiduciaries. The fact that such notice came after the appointment, however, is not prejudicial where the girls have presented no argument or evidence that they could administer the estates, that the appointed individuals are unsuitable, or that Beverly and Denise would not administer the estates of Melissa and Emerie according to law. Thus, the lack of initial notice is harmless error based on the specific facts and circumstances of this case. Paige and Addyson's assignment of error is overruled.

{¶ 24} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.