[Cite as *In re Guardianship of J.C.*, 2018-Ohio-4833.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTERS OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| THE GUARDIANSHIPS OF | : | Hon. Craig R. Baldwin, J. |
| J.C.; | : | Hon. Earle E. Wise, J. |
| D.C.; and | : | |
| A.C.; | : | |
| | : | Case No. 18-CA-00009 |
| | : | 18-CA-00011 |
| | : | 18-CA-00012 |
| AND THE ESTATE OF M.A.R.C | : | 18-CA-00013 |
| | : | |
| | : | O P I N I O N |
| | : | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Perry County Court of Common Pleas, Probate Division, Case Nos.: 20182009 |
| | 20182010 |
| | 20182011 |
| | 20181023 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT: | December 4, 2018 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellant Tiffany Thompson | For Defendant-Appellee Kimberly Cremeans-Six |
| C. JOSEPH MCCOY | STEPHEN R. MCCANN |
| CARL E. MCCOY | TRAVIS M. JONES |
| WILLIAM S. MCCOY | KRISTOPHER K. HILL |
| McCoy & McCoy, Attorneys at Law, L.L.C. | Graham & Graham, L.P.A. |
| 57 East Main Street | 17 N. 4th Street |
| Newark, Ohio 43055 | P.O. Box 340 |
| | Zanesville, Ohio 43702-0340 |

*Baldwin, J.*

**{¶1}** Tiffany Thompson appeals the decision of the Perry County Court of Common Pleas, Probate Division, appointing appellee guardian of the estates of her children and administrator of the estate of her deceased child. Appellee is Kimberly Cremeans-Six, paternal grandmother of the children.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellant's four children were in an automobile accident on January 28, 2018 and all were injured.  M.A.R.C., one of her children, passed away as a result of the injuries.

**{¶3}** Appellant filed an application to administer M.A.R.C.'s estate with the Perry County Probate Court on February 3, 2018.  The child's father, Robert Cremeans, III, filed an application to administer the estate on February 9, 2018 then later withdrew his application in favor of his mother, Kimberly Cremeans-Six, appellee herein, who filed her own application to administer the estate. Appellee also filed applications for appointment as guardian of the estates of M.A.R.C.'s siblings.  Appellee's application was accompanied by a waiver of notice and consent executed by the father, but not by appellant. The trial court set March 26, 2018 as the date for a hearing regarding the guardianship applications and the petition for appointment as guardian.

**{¶4}** Counsel for the parties and the attorney for the father appeared before the trial court on March 26, 2018.   Appellant's counsel asserted that appellee's application for guardianship may be premature and unnecessary as appellant was the children's natural guardian and had priority over appellee to serve as administrator. During this conference, the parties agreed that a hearing was required but that briefs on the legal

issues prior to the hearing would be a more efficient use of judicial resources.  After discussing the issues to be briefed, the scheduling of depositions and the time needed to complete those tasks, the trial court acknowledged that the hearing on both applications would be reset after the filing of the briefs.

{¶5}    The parties filed the requested briefs and, without conducting a hearing, the trial court appointed appellee administrator of the estate of M.A.R.C. and guardian of the estates of the remaining children.  Appellant filed a motion to vacate the appointment of appellee as administrator of the estate of M.A.R.C. and the trial court denied that motion.

{¶6}    Appellant filed a timely notice of appeal and submitted two assignments of error:

{¶7}    "I. THE PROBATE COURT ERRED BY GRANTING APPELLEE KIMBERLY CREMEANS-SIX LETTERS OF GUARDIANSHIP OVER THE ESTATES OF APPELLANT TIFFANY THOMPSON'S CHILDREN, J.C., D.C., AND A.C."

{¶8}    "II. THE PROBATE COURT ERRED BY DENYING APPELLANT TIFFANY THOMPSON'S MOTION TO VACATE KIMBERLY CREMEANS-SIX'S APPOINTMENT AS ADMINISTRATOR OF THE ESTATE OF M.A.R.C., APPELLANT TIFFANY THOMPSON'S DECEASED CHILD."

{¶9}    This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined

as provided by App.R. 11.1. It shall be in sufficient compliance with App.R.

12(A) for the statement of the reason for the court's decision as to each

error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

**{¶10}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Ass'n*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983). This appeal shall be considered in accordance with the aforementioned rule.

**{¶11}** Appellant filed a Reply Brief in this matter without obtaining the necessary leave of this court. Pursuant to App. R. 11.1(C) reply briefs shall not be filed unless ordered by the court. Because this court did not order filing of a reply brief, the Appellant's Reply Brief shall not be considered.

## ANALYSIS

**{¶12}** The common element in appellant's assignments of error is the lack of an evidentiary hearing.  The trial court granted appellee's petition for guardianship and application to administer the estate without conducting a hearing, and appellant contends that failure is a violation of the applicable statutes and her constitutional rights.

**{¶13}** Revised Code Section 2111.02(C) contains a requirement regarding a hearing prior to the appointment of a guardian: "Prior to the appointment of a guardian or limited guardian under division (A) or (B)(1) of this section, the court shall conduct a hearing on the matter of the appointment."  The Supreme Court of Ohio "has long recognized that use of the word "shall" denotes that compliance with the commands of that statute is *mandatory* (Emphasis sic.)"*. Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, ¶ 28.  Consequently, R.C. 2111.02(C) obligates the trial court

to conduct an evidentiary hearing prior to appointing a guardian. *In re Guardianship of Melhorn*, 2nd Dist. Montgomery No. 22764, 2009-Ohio-2424, ¶ 43.

{¶14} Revised Code 2111.04(A) anticipates a hearing on a petition for appointment of a guardian by requiring service of notice of the time and place of the hearing.  That Code section specifically requires service of the notice of hearing on each parent of the minor and that no guardian shall be appointed until at least seven days after the notice is served on the parents. Revised Code 2111.08 "recognizes a suitable parent's superior right to the guardianship of his or her children against the rights of a nonparent third party" providing further support for our conclusion that a hearing to appoint a guardian is mandated by the Revised Code in this case.

{¶15} The appellee does not refute appellant's contention that a hearing is mandatory, but repeats her argument from a previously filled motion that the appellant has no standing to appeal the trial court's decision.  We denied that motion and appellee has provided no new argument that would lead us to change our decision.

{¶16} Appellee's reliance on *In re Guardianship of Santrucek,* 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 2 is misplaced because the facts in that case are significantly different.  In *In re Guardianship of Santrucek* the petitioner sought guardianship of her mother, but failed to intervene and otherwise had no interest in the pending matter.  In the case at bar, appellant is the mother and natural guardian of the children (R.C. 2111.08) and the appellee is seeking to change that status and assume guardianship of the estates of the children.  Appellant has a clear interest in the care and welfare of her children and, for that reason, we cannot countenance appellee's renewed argument.

**{¶17}** The parties anticipated presenting evidence at a hearing.  The comments at the March 26, 2018 conference with the trial court and each parties' brief leave no doubt that all involved expected a hearing, but none was scheduled.  Instead the Court issued a ruling without conducting the mandatory hearing. While this court is normally obligated to review the trial court's decision for abuse of discretion, the rationale for deferring to trial courts disappears where no hearing has been held, and the court has neither allowed evidence nor observed any witnesses. *Melhorn, supra,* at ¶¶ 51-52. "[A]n appropriate record must be made of exactly what occurred, in order to provide a reviewing court with a basis for concluding that the trial court acted properly and within its discretion." *Id,* at ¶55.

**{¶18}** Appellant's first assignment of error is sustained.

**{¶19}** In her second assignment of error, appellant complains that the lack of a hearing renders the trial court's appointment of appellee as administrator of the estate of M.A.R.C. void as well.  As noted in the first assignment of error, the parties anticipated a hearing that did not occur.  Instead the trial court rendered a decision claiming that it "considered all of the requirements in the applicable section of ORC 2113.06" and found that "it would be in the best interest and it's appropriate to appoint" appellee and that appellee "would be best suited."

**{¶20}** Revised Code Section 2113.06(A)(2) states in relevant part that "Administration of the estate of an intestate shall be granted to persons mentioned in this division, in the following order *** [t]o one of the next of kin of the deceased ***."  The parties agree that appellant is next of kin to the decedent, so this section gives her priority for appointment as administrator.  Sub-section (B) applies only if appellant were "to fail to

take or renounce administration voluntarily" which she has not done. *Matter of Estate of Hudson*, 12th Dist. Preble No. CA2018-01-002, 2018-Ohio-2436, ¶ 18.  Sub-section (C) states "[i]f no next of kin is found suitable, the court shall commit the administration to some suitable person," but the characterization of any applicant as suitable or unsuitable cannot occur without an evidentiary hearing.  *In re Estate of Pfahler*, 64 Ohio App.3d 331, 333, 581 N.E.2d 602 (3rd Dist.1989).  At the conclusion of the hearing the trial court would be obligated to render a decision regarding the suitability of the applicants based upon the competent, credible evidence presented. *In re Guardianship of Waller,* 1st Dist. No. C-100131, 192 Ohio App.3d 663, 2011-Ohio-313, 950 N.E.2d 207, ¶ 16.  While an order "denying or granting letters of appointment will be reversed only upon a finding of an abuse of discretion." *In re Estate of Henne* (1981), 66 Ohio St.2d 232, 20 O.O.3d 228, 421 N.E.2d 506 as cited in *In re Estate of Pfahler*, 64 Ohio App.3d 331, 332, 581 N.E.2d 602, 603 (3rd Dist.1989), the requisite hearing must occur to establish the proper exercise of discretion when determining the suitability of any party.

**{¶21}**  We hold that the trial court erred by failing to conduct a hearing regarding the appointment of an administrator.  If arguendo, we were to consider the trial court's entry regarding the appointment of the administrator, we would find that it lacks the necessary findings to exclude appellant from serving as administrator of the estate. The trial court did not include within its entry a finding that either the father or appellant were unsuitable for the discharge of this trust, and thus failed to fulfill the requirement of R.C. 2113.06 before appointing another party.  The trial court's findings that appellee was "best suited", that it was in the "best interest" or that it was "appropriate to appoint" appellee are not a substitute for a finding that the next of kin was not suitable to serve as administrator.

**{¶22}** Appellant's second assignment of error is sustained, and the trial court's order of July 10, 2018 appointing appellee administrator of M.A.R.C.'s estate and the July 12, 2018 order appointing appellee guardian of the estates of the remaining children are vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.